United States District Court
Southern District of Texas
**ENTERED**
December 08, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANDRE WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-390 |
| § | |
| BARBER, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

### I. Background

On August 31, 2015, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, requesting injunctive relief regarding the confiscation of his legal materials while incarcerated at TDCJ's McConnell Unit in Beeville, Texas (D.E. 1). With his complaint, Plaintiff filed a typewritten document that the Clerk labeled as the "Prisoner Trust Fund Account Statement" (D.E. 2). The document was typed by the Plaintiff and not an official copy of Plaintiff's trust fund account statement. On September 9, 2015, the Clerk sent to Plaintiff a notice of deficient pleading, requiring that Plaintiff pay the $400 filing fee or submit an application for leave to proceed *in forma pauperis* along with a certified copy of his inmate trust fund statement obtained from one of the officials at TDCJ-CID (D.E. 5). Although Plaintiff filed his application for leave to proceed *in forma pauperis* (D.E. 6), he filed a second hand-typed inmate trust fund data sheet, and not a certified copy of the official trust fund data (D.E. 7). Once again, on October 2, 2015, Plaintiff was granted twenty (20) days to comply. Plaintiff failed to comply. On November 5,

2015, Plaintiff was ordered to show cause why his action should not be dismissed for want of prosecution (D.E. 9), and once again nothing was filed.  Plaintiff was warned that failure to timely comply would result in dismissal of his lawsuit for failure to prosecute. FED. R. CIV. P. 41(b) (D.E. 5, 9).  It appears Plaintiff has abandoned his claim.

## II.  Applicable Law

Rule 41(b) of the Federal Rules of Civil Procedure, provides as follows:

(b) **Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

This rule has been interpreted to include the power of the District Court to *sua sponte* dismiss an action for failure to prosecute.  *Martinez v. Johnson*, 204 F.3d 769, 772 (5th Cir. 1997) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."  *Id.* (citing *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 1388 (1962)).  If the dismissal is with prejudice, the district court must first determine that the failure to comply was the result of purposeful delay or contumaciousness, and the record must reflect that the district court employed lesser sanctions before dismissing the action. *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

### III. Conclusion and Recommendation

Here Plaintiff failed to comply with the Clerk's notice and two orders requesting specific compliance. The court cannot move forward on the merits of the lawsuit without an official copy of Plaintiff's inmate trust fund data. 28 U.S.C. § 1915. Accordingly, it is respectfully recommended that Plaintiff's lawsuit be DISMISSED without prejudice for failure to prosecute. FED. R. CIV. P. 41(b).

Respectfully submitted this 8th day of December, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).